UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
ARGONAUT INSURANCE COMPANY,      :
                                 :         **MEMORANDUM AND ORDER**
                    Plaintiff,        :         20-cv-00154 (DLI)(CLP)
                                 :
            -against-            :
                                 :
354 CHAUNCEY REALTY LLC,         :
                                 :
                    Defendant.        :
-------------------------------------------------------------- x

**DORA L. IRIZARRY, United States District Judge:**

Plaintiff Argonaut Insurance Company ("Argonaut") brings this diversity action against 354 Chauncey Realty LLC ("Chauncey"), seeking declaratory judgment pursuant to 28 U.S.C. § 2201, *et. seq.* and Federal Rule of Civil Procedure 57. On January 31, 2020, Argonaut filed a Second Amended Complaint. *See*, Second Am. Compl. ("SAC"), Docket ("Dkt.") Entry No. 9.

Before the Court is Chauncey's motion to dismiss the Second Amended Complaint or stay the action in the alternative on the ground that this Court should abstain from exercising jurisdiction in favor of a pending parallel New York state court action. *See*, Mem. of Law in Supp. of Def.'s Mot. to Dismiss and/or for a Stay ("Def. Mem."), Dkt. Entry No. 20-2. Argonaut opposes the motion. *See*, Pl. Argonaut Insurance Co.'s Mem. of Law in Opp'n to Def.'s Mot. to Dismiss and/or for a Stay ("Pl. Opp'n"), Dkt. Entry No. 23. Chauncey replied. *See*, Mem. of Law in Further Supp. of Def.'s Mot. to Dismiss and/or for a Stay ("Def. Reply"), Dkt. Entry No. 24. For the reasons set forth below, the motion to dismiss this action is granted and the motion to stay the action is denied as moot.

## BACKGROUND

The following facts are taken from the Second Amended Complaint and are accepted as true for purposes of this decision. *See*, *DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87 (2d Cir. 2013). Argonaut is a corporation that sells insurance. SAC at ¶ 2. On February 7, 2019, Chauncey applied for an insurance policy with Argonaut for its building at 354 Chauncey Street, Brooklyn, NY 11233 (the "Building") by submitting a Brownstone Underwriting Application (the "Brownstone Application"). *Id.* at ¶¶ 28, 33. Chauncey represented in the Brownstone Application, *inter alia*, that the Building would not host homeless shelters, temporary shelters, emergency shelters, substance abuse programs, mental health facilities, or any non-profit city or state sponsored social service agencies. *Id.* at ¶¶ 29-30. Based upon Chauncey's representations, Argonaut issued a three-year commercial property insurance policy covering the Building (the "Policy"). *Id.* at ¶ 33.

On or about September 25, 2019, a fire broke out in the Building that caused smoke and water damage to four out of 16 units in the Building (the "Fire"). *Id.* at ¶ 35. Brownstone Agency, Inc. ("Brownstone"), an authorized third-party administrator acting on behalf of Argonaut, investigated the Fire. *Id.* at ¶¶ 28, 36. Brownstone discovered that several government funded programs were tenants in the Building, including: Postgraduate Center for Mental Health, a government subsidized agency that seeks to reduce homelessness; Harlem United, a government subsidized agency that provides equal housing access to people afflicted with HIV; and The Fortune Society, a government funded agency that provides support to individuals reentering society after incarceration. *Id.* at ¶ 38. These agencies had been tenants in the Building at the time that Chauncey executed the Brownstone Application. *Id.* at ¶ 39.

Argonaut alleges that Chauncey made material misrepresentations and/or omissions in the Brownstone Application by, among other things, representing that the Building did not host any non-profit city or state sponsored social service agencies when, in fact, several such agencies operated in the Building. *Id.* at ¶ 43. According to Argonaut, it would not have issued the Policy had it known that these agencies were operating in the Building. *Id.* at ¶ 45.

Consequently, on December 19, 2019, Brownstone notified Chauncey that coverage was not available for the Fire and that Argonaut would be filing an action to rescind the Policy *ab initio* based upon Chauncey's misrepresentations in the Brownstone Application. *Id.* at ¶¶ 46-47. On January 3, 2020, Brownstone sent Chauncey a check for the return of the Policy premium. *Id.* at ¶ 48.

On January 8, 2020, Argonaut commenced this action seeking a determination that it is not required to indemnify Chauncey for damages sustained from the Fire. *See*, Compl., Dkt. Entry No. 1. The following day, Chauncey commenced an action in New York State Supreme Court, New York County against Argonaut, Brownstone, and one of the Building's tenants, Harlem United, seeking recovery for damages of approximately $600,000.00 arising from the Fire (the "State Action"). *See*, N.Y. Sup. Ct. Compl., Dkt. Entry No. 23-5. In the State Action, Chauncey asserts breach of contract against Argonaut and Brownstone for refusing to indemnify Chauncey for its loss arising from the Fire as required by the Policy, and breach of contract and negligence against Harlem United for allegedly starting the Fire. *Id.* at ¶¶ 5-26. On January 31, 2020, Argonaut filed a Second Amended Complaint in the instant action and the instant motion ensued.

**LEGAL STANDARD**

Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction," a federal court is permitted to "declare the rights and other legal relations of any

3

interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). In *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942) and *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), the Supreme Court held that district courts, in their discretion, may "abstain from rendering a declaratory judgment when the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in the state court." *Travelers Ins. Co. v. Carpenter*, 411 F.3d 323, 338 (2d Cir. 2005) (internal quotation marks, citations, and emphasis omitted) (ellipses in original).

In *Dow Jones & Co., Inc. v. Harrods Ltd.*, 346 F.3d 357 (2d Cir. 2003), the Second Circuit identified five factors "to guide the exercise of discretion" in declaratory judgment actions. *Id.* at 359 (citation omitted). To determine whether declaratory relief is appropriate, courts must consider whether: (1) "the judgment will serve a useful purpose in clarifying or settling the legal issues involved"; (2) "a judgment would finalize the controversy and offer relief from uncertainty"; (3) "the proposed remedy is being used merely for procedural fencing or a race to res judicata"; (4) "the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court"; and (5) "there is a better or more effective remedy." *Id.* at 359-60 (internal quotation marks and citations omitted); *See also*, *Chevron Corp. v. Naranjo*, 667 F.3d 232, 245 (2d Cir. 2012) (internal quotation marks and citation omitted).

## DISCUSSION

Here, Argonaut seeks only declaratory relief. Therefore, the *Brillhart/Wilton* abstention doctrine applies. *Contra Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 106 (2d Cir. 2012) (noting that *Brillhart/Wilton* abstention is inapplicable where plaintiff "does not seek purely declaratory relief, but also . . . seeks damages caused by the

[defendant's] conduct[]") (internal quotation marks and citation omitted) (first set of brackets in original). Chauncey contends that the State Action involves the same factual and legal issues raised in the instant action and urges the Court to apply the factors set forth by the Eleventh Circuit in *Ameritas Variable Life Insurance Co. v. Roach*, 411 F.3d 1328 (11th Cir. 2005) to determine whether *Brillhart/Wilton* abstention is warranted. *See*, Def. Mem. at 7. Argonaut counters that the State Action and the instant action are not "parallel" because the parties, subject matter, issues, and requested relief in each action differ and, thus, pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), and its progeny, abstention is not warranted. *See*, Pl. Opp'n at 1-5. Neither Chauncey nor Argonaut cite the proper applicable legal standards.

The Court declines Defendant's invitation to adopt the Eleventh Circuit's approach. Not only is the Eleventh Circuit not binding on this Court, but the Second Circuit has established its own guidelines for determining whether abstention is warranted under the *Brillhart/Wilton* doctrine. As set forth above, courts in the Second Circuit must consider the five *Dow Jones* factors to determine whether to abstain from exercising jurisdiction in declaratory judgment actions. *See*, *Dow Jones*, 346 F.3d at 359-60. The Eleventh Circuit considers the same five factors as the Second Circuit, as well as four additional factors. *Compare, Ameritas Variable Life Ins. Co.*, 411 F.3d at 1331, *with Dow Jones*, 346 F.3d at 359-60. Chauncey does not present any reason why this Court should depart from binding Second Circuit precedent.

Similarly, Argonaut's reliance on *Colorado River*, 424 U.S. 800, which held that abstention from the exercise of federal jurisdiction is justified "only in . . . exceptional circumstances," is misplaced. *Id.* at 813 (internal quotation marks and citation omitted). In *Wilton*, 515 U.S. 277, the Supreme Court held that "[d]istinct features of the Declaratory Judgment Act . . . justify a standard vesting district courts with greater discretion in declaratory judgment actions than that

5

permitted under the 'exceptional circumstances' test of *Colorado River*[.]" *Id.* at 286; *See also*, *Glenclova Inv. Co. v. Trans-Res., Inc.*, 874 F. Supp.2d 292, 305 (S.D.N.Y. 2012).  Accordingly, the Court need not find that "exceptional circumstances" exist in order to justify abstention and, in applying the *Dow Jones* factors, this Court concludes that abstention is warranted.

The first factor, whether the judgment will serve a useful purpose in clarifying or settling legal issues involved, weighs in favor of abstention.  Argonaut seeks a determination that, pursuant to New York Insurance Law § 3105, the Policy is void *ab initio*, based upon Chauncey's alleged misrepresentations in the Brownstone Application.  *See*, SAC at ¶ 53.  Argonaut contends that, if the Policy is rescinded, it has no duty to indemnify Chauncey.  Thus, the instant action presents a threshold question that must be decided before Argonaut's liability for breach of the Policy that is at issue in the State Action can be determined.  *See*, Pl. Opp'n at 1, 5.

However, this Court takes judicial notice that, in the State Action, Argonaut raises the issue of the Policy's validity as an affirmative defense in its Answer.  *See*, *Kavowras v. N.Y. Times Co.*, 328 F.3d 50, 57 (2d Cir. 2003) ("Judicial notice may be taken of public filings[.]") (citations omitted).  Specifically, Argonaut asserts: "No coverage is owned [sic] on the basis that the Policy has been rescinded and is void *ab initio* due to material misrepresentation(s) on the insurance application and pursuant to Insurance Law § 3105 and/or common law." Verified Answer at ¶ 39, Dkt. Entry No. 20-11.  Accordingly, the State Action will resolve the legal issue presented in this action.  As such, a declaratory judgment would not serve a useful purpose.  *See*, *Soros Fund Mgmt. LLC v. TradeWinds Holdings, Inc.*, 2018 WL 1276879, at *3 (S.D.N.Y. Mar. 12, 2018) (finding that first *Dow Jones* factor weighed in favor of abstention where plaintiff in district court action could resolve its claims in pending state court action); *Amusement Indus., Inc. v. Stern*, 693 F. Supp.2d 301, 311 (S.D.N.Y. 2010) ("The fact that a lawsuit has been filed that will necessarily

6

settle the issues for which the declaratory judgment is sought suggests that the declaratory judgment will serve no useful purpose.") (internal quotation marks and citations omitted).

The second factor, whether a judgment would finalize the controversy and offer relief from uncertainty, also weighs in favor of abstention. While the instant action is between only Argonaut and Chauncey, the State Action involves Brownstone and Harlem United as well. Accordingly, a ruling here would not bind all the parties in the State Action. As such, a declaratory judgment would not finalize the controversy. *See*, *Soros Fund Mgmt. LLC*, 2018 WL 1276879, at *3 (holding that declaratory judgment would not "promise finality" where state court action named additional parties that were not involved in district court action) (citation omitted); *Ambac Assurance Corp. v. U.S. Bank Nat'l Ass'n*, 2019 WL 3219338, at *5 (S.D.N.Y. July 16, 2019) (same). Nor would a declaratory judgment offer relief from uncertainty because, as mentioned above, the question of whether the Policy is void *ab initio* can be adjudicated in the State Action. *See*, *Soros Fund Mgmt. LLC*, 2018 WL 1276879, at *3 (finding that second *Dow Jones* factor weighed in favor of abstention where issues before district court could be adjudicated in state court); *See also*, *Intellectual Capital Partner v. Institutional Credit Partners LLC*, 2009 WL 1974392, at *6 (S.D.N.Y. July 8, 2009) (finding that, while a declaratory judgment regarding enforceability of contract provision would clarify the parties' legal relations as to that provision, parallel breach of contract claim similarly would resolve questions of enforceability).

As to the third factor, Chauncey contends that, because Argonaut commenced this action only one month after refusing to indemnify Chauncey for the Fire, this lawsuit "cannot reasonably be construed as anything other than" a race to res judicata. Def. Mem. at 10. A declaratory judgment in Argonaut's favor would render moot Chauncey's claim against Argonaut for breach of contract in the State Action. Accordingly, by seeking a declaratory judgment, Argonaut appears

7

to be motivated, at least in part, by a race to res judicata. *Contra, Erie Painting & Maint., Inc. v. Ill. Union Ins. Co.*, 2010 WL 11545541, at *4 (W.D.N.Y. Apr. 12, 2010) (finding that declaratory judgment action was not being used for procedural fencing or a race to res judicata where requested declaratory relief would have no bearing on related state court actions). Therefore, the third *Dow Jones* factor weighs in favor of abstention.

The fourth factor, whether the use of a declaratory judgment would "encroach on the domain" of the state court, also weighs in favor of abstention. A declaratory judgment as to whether or not the Policy is void *ab initio* would encroach upon the New York State Supreme Court's determination regarding Argonaut's affirmative defense that the Policy is void. *See*, *Ambac Assurance Corp.*, 2019 WL 3219338, at *5 (finding that declaratory judgment involving issue that was squarely before state court "improperly [would] encroach on the domain" of state court). Moreover, where, as here, the declaratory judgment action presents only issues of New York state law, abstention is "particularly appropriate." *See*, *TIG Ins. Co. v. Fairchild Corp.*, 2008 WL 2198087, at *4 (S.D.N.Y. May 27, 2008) (noting that "district courts routinely invoke the doctrine of abstention in insurance coverage actions, which necessarily turn on issues of state law[]") (internal quotation marks and citations omitted).

Finally, there is a more effective resolution to the controversy between Argonaut and Chauncey than the instant action. The State Action will resolve not only the discrete issue of the Policy's validity, but also determine whether Argonaut or the other defendants in the State Action can be held liable for damages arising from the Fire. Accordingly, the State Action is a more effective remedy than a declaratory judgment. *See*, *XL Ins. Am., Inc. v. DiamondRock Hosp. Co.*, 414 F. Supp.3d 605, 611 (S.D.N.Y. 2019) ("[R]esolution of the underlying claims in a parallel

8

proceeding is a more effective remedy than a declaratory judgment.") (internal quotation marks and citation omitted).

Having decided to abstain, the Court further concludes that dismissal of the instant action is appropriate. Generally, "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." *Wilton*, 515 U.S. at 288 n.2 (citation omitted). However, where "the entirety of a plaintiff's claim in a declaratory action constitutes a defense in a pending state proceeding," courts in the Second Circuit have found that dismissal, rather than a stay, is appropriate. *Soros Fund Mgmt. LLC*, 2018 WL 1276879, at *6 (citations omitted). As discussed above, the entirety of Argonaut's claim in this action also constitutes a defense in the State Action. Accordingly, this action is dismissed and the request for a stay of this action, in the alternative is denied as moot.

## CONCLUSION

For the reasons set forth above, the motion to dismiss is granted and the request for a stay of this action in the alternative is denied as moot.

SO ORDERED.

Dated: Brooklyn, New York
       March 31, 2021

/s/
DORA L. IRIZARRY
United States District Judge

9